**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Varrato, et al., | No. CV-22-00324-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Specialized Loan Servicing LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs George Varrato and Lori Klindera's motion for temporary restraining order ("TRO") to stop a Trustee Sale of their house scheduled for March 23, 2022. (Doc. 17 at 7.) For the following reasons, the Court will grant the TRO.

**I.    BACKGROUND**

On February 10, 2022, *pro se* Plaintiffs George Varrato and Lori Klindera initiated this action against Defendants Specialized Loan Servicing LLC ("SLS") and Bank of New York Mellon ("BNYM") by filing a verified complaint in the Arizona Superior Court in Maricopa County. After being served, Defendants removed this action to federal court. (Doc. 1.)

A week later, on March 8, 2022, Plaintiffs filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 8), which sought to enjoin Defendants from holding the trustee's sale on the real property located at 10017 N 37th Drive, Phoenix, AZ 85051, that is currently scheduled for Wednesday, March 23, 2022. The Court held a hearing on Plaintiffs' motion the following week, on Wednesday, March

16, 2022. At the hearing, the Court denied Plaintiffs' motion, without prejudice, because Plaintiffs had not shown a likelihood of success on the merits of his claims and a likelihood of irreparable harm in the absence of preliminary injunctive relief. (Doc. 16.)

The same day that Plaintiffs filed their first motion for TRO, Defendants filed a Motion to Dismiss Plaintiffs' complaint for failure to state a claim. (Doc. 11.) At the hearing held on March 16, 2022, the Court informed Defendants that if Plaintiffs elected to file an amended complaint, Defendants' motion to dismiss would be denied *sua sponte* without prejudice.

On Tuesday, March 22, 2022, Plaintiffs filed an Amended Complaint (Doc. 18) and the instant Renewed Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 17.) Plaintiffs again seek to enjoin Defendants from conducting a trustee's sale on their home. The Court held a telephonic hearing on Plaintiffs' renewed motion that same day, March 22, 2022. For the reasons that follow, the Court will grant Plaintiffs' motion for temporary restraining order.

## II. LEGAL STANDARD

The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction. *Phillips v. Fremont Inv. & Loan*, No. CV-09-2585-PHX-GMS, 2009 WL 4898259, at *1 (D. Ariz. Dec. 11, 2009). A plaintiff must show that (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "[I]f a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). "Serious questions are 'substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation.'" *Republic of the Philippines v.*

*Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988) (en banc) (quoting *Hamilton Watch Co. v. Benrus Watch Co.*, 206 F.2d 738, 740 (2d Cir. 1952)).

### III.   ANALYSIS

#### A.   Success on the Merits

In their first amended complaint, Plaintiffs allege two causes of action: (1) breach of contract and breach of the implied covenant of good faith and fair dealing and (2) estoppel.

In their pending motion for TRO, Plaintiffs assert Defendants "purposefully failed and refused to send the statements to Plaintiffs, making it impossible for Plaintiffs to make their payments." (Doc. 17 at 10.) According to Plaintiffs, it was "impossible for Plaintiffs to learn the identity of who owned their loan, and who they were to make payments [to]. Defendants acted in bad faith." (*Id.* at 11.) Plaintiffs assert this subterfuge was an attempt to make them pay their loan twice. (*Id.* at 12.)

Plaintiffs also allege they never received notice that their home equity line of credit loan went into default or that they had a right to cure the default, which demonstrates bad faith. (Doc. 18 at 10.) Plaintiffs also allege Defendants "did nothing to show to whom, and/or to where Plaintiffs were required to make loan payments." (*Id.* at 11.)

Based on the limited record before it, the Court cannot find that Plaintiffs are likely to succeed on the merits of their claims without further research. *See Hummel v. Rushmore Loan Mgmt.*, LLC, No. CV-17-08034-PCT-DGC, 2017 WL 2405267, at *3 (D. Ariz. June 2, 2017) (granting a TRO in a trustee's sale to give the Court additional time to engage in investigation); *see also Republic of the Philippines*, 862 F.2d at 1362. At a minimum, Plaintiffs' allegations raise serious questions as to the success of his claims.

#### B.   Irreparable Harm

In Arizona, A.R.S. § 33–811 governs trustee sales. It states that:

> [t]he trustor, its successors or assigns, and all persons to whom the trustee mails a notice of a sale under a trust deed pursuant to section 33–809 shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil

>procedure, entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of the sale.

A.R.S. § 33–811(C). "Under this statute, a person who has defenses or objections to a properly noticed trustee's sale has one avenue for challenging the sale: filing for injunctive relief." *BT Cap., LLC v. TD Serv. Co. of Arizona*, 229 Ariz. 299, 301 ¶ 10 (2012). Enjoining the sale is "a prerequisite to any claim arising out of the sale." *Zubia v. Shapiro*, 243 Ariz. 412, 415 ¶ 16 (2018) (citing *BT Cap.*, 229 Ariz. at 301 ¶10). After a sale takes place, "a person subject to § 33–811(C) cannot later challenge the sale based on pre-sale defenses or objections." *BT Cap.*, 229 Ariz. at 301 ¶ 11. This is to ensure expeditious foreclosures—the purpose of 33–811(C). *See Zubia*, 243 Ariz. at 417 ¶ 28. Thus, if a claimant fails to get an injunction before a trustee's sale, they waive all claims dependent on the sale, but they do "not waive claims that are independent of the sale." *See id.* at 415 ¶ 20. Claims that depend on the sale itself being invalid are waived by § 33–811(C). *See id.* at ¶ 21. However, "under § 33-811(C), the trustor does not waive defenses to a post-sale deficiency claim by the lender." *Id.* at ¶ 21. Similarly, "a trustor who unsuccessfully [seeks] to enjoin a trustee's sale had not waived claims for monetary damages under § 33-420(A)." *Id.* at ¶ 23.

A permanent waiver of the Plaintiffs' claims for relief constitute irreparable harm. Here, Varrato's and Klindera's breach of contract, breach of the implied covenant of good faith and fair dealing, and estoppel claims are dependent on the sale. If the sale occurs and an injunction is not granted, they will be forced to waive those arguments. This means the Plaintiffs will be unable to recover for these claims in any way. Thus, this factor weighs heavily in favor of granting the TRO.

### C. Balance of Hardships

The balance of the hardships tips sharply in Plaintiffs' favor. Though Defendants will be delayed while the Court considers the merits of Plaintiffs' claims, if the sale goes forward, Plaintiffs will lose their home. Additionally, two weeks' delay will not prejudice the trustee's sale.

### D. Public Interest

Public policy here also favors Plaintiffs. If Plaintiffs' claims are correct, a trustee's

- 4 -

sale of their home would be unwarranted and improper.

Because the Plaintiffs have raised serious questions, the balance of hardships tips in their favor, public interest favor the TRO, and irreparable harm would result from the trustee's sale, the Court will grant a TRO.

## IV. BOND

Generally, Federal Rule of Civil Procedure 65(c) allows the Court to grant a TRO only where "the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). But the Ninth Circuit has determined that district courts have discretion to determine "the amount of security required, if any." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (quoting *Barahona–Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999)). Specifically, the court may reject the bond requirement when "there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Id.*; *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009)

Here, the two-week TRO poses no realistic likelihood of harm to the Defendants. Especially considering the length of time of the Plaintiffs' non-payment on the HELOC, the current strength of the Arizona real estate market, and the short two-week duration of the temporary restraining order, in its discretion, the Court finds no bond is required for Plaintiffs for the TRO to issue.

## V. CONCLUSION

Accordingly,

**IT IS ORDERED granting** Plaintiffs' Motion for a Temporary Restraining Order (Doc. 17). Defendants are enjoined from proceeding with the trustee's sale of the real property located at 10017 N. 37th Drive, Phoenix, Arizona, 85051.

**IT IS FURTHER ORDERED** this TRO shall remain in effect until 12:00 PM on April 5, 2022.

**IT IS FURTHER ORDERED** that the Court will hold a Preliminary Injunction Hearing on **Monday, April 4, 2022 at 1:00 p.m.**

**IT IS FURTHER ORDERED** that Plaintiffs shall file a Motion for Preliminary Injunction by **March 25, 2022**. Defendants shall file a response by **March 30, 2022**. Plaintiffs shall file a Reply by **April 3, 2022**.

**IT IS FINALLY ORDERED** dismissing Defendant's Motion to Dismiss (Doc. 11) without prejudice.

Dated this 22nd day of March, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge